UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELVIN MARCUS JOHNSON,<br><br>      Petitioner,<br><br>  v.<br><br>DAN VAN OGLE,<br><br>      Respondent. | CASE NO. 3:21-cv-05877-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a detainee at the Stafford Creek Corrections Center seeks federal habeas relief from his 2005 convictions in King County Superior Court of three counts of first degree aggravated degree murder in case number 02-1-04644-1-SEA. This is the second federal petition for habeas relief Petitioner has filed seeking relief for these convictions. Because Petitioner has not obtained permission from the Court of Appeals for the Ninth Circuit to file this second habeas petition, the Court recommends the present habeas petition be referred to the Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second or successive petition for writ of habeas corpus. *See* Ninth Circuit Rule 22-3(a).

## DISCUSSION

On February 11, 2005, Petitioner was convicted of three counts of first degree aggravated murder in the first degree and sentenced to three terms of life imprisonment without parole in

REPORT AND RECOMMENDATION - 1

1  King County Superior Court case number 2-1-04644-1-SEA. *See Johnson v. Vail*, 2:09-cv-
2  01126-MJP, Dkt. 1 (first habeas petition). By counsel, Petitioner filed his first federal habeas
3  petition challenging this conviction in this Court on August 7, 2009. *Id.* As grounds for relief
4  Petitioner claimed he was denied the right of confrontation under *Crawford v. Washington*;
5  denied a limiting instruction; and denied effective assistance of counsel; *Id.* On October 20,
6  2010, the Court dismissed the first federal habeas petition and denied issuance of a certificate of
7  appealability. Dkt. 26 (first habeas petition). Petitioner appealed to the Circuit Court for the
8  Ninth Circuit and on September 13, 2011, the Court of Appeals denied Petitioner's request for a
9  certificate of appealability.
10        On December 1, 2021, Petitioner submitted for filing the present and second habeas
11  petition again challenging his convictions in King County Superior Court case number 2-1-
12  04644-1-SEA. In a memorandum attached to the habeas petition, Petitioner argues the State
13  Court in which he was tried, convicted, and sentenced (King County Superior Court) lacked
14  subject matter jurisdiction because it is not a Court created under Article III of the United States
15  Constitution. Plaintiff also argues his state convictions were obtained in violation of treaty or
16  statute.
17        The Court's records thus establish, the present habeas petition is the second petition
18  Petitioner has filed challenging his convictions in King County case number 02-1-04644-1-SEA.
19  Under 28 U.S.C. § 2244(b)(1), the Court must dismiss any claim which was presented in a prior
20  habeas petition. A claim in a second or successive petition must be dismissed even if not
21  presented in a prior habeas petition, unless the claim rests on new law, new evidence, or
22  Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of
23  the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3).

REPORT AND RECOMMENDATION - 2

These requirements flow from the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA "established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody, § 2244(b)(1)." *Burton v. Stewart*, 549 U.S. 147, 152 (2007). The statute provides:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

This provision creates a "gatekeeping" mechanism for the consideration of second or successive petitions. *Felker v. Turpin*, 518 U.S. 651, 657 (1996). "The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." *Id*. The petitioner must make prima facie showing the application satisfies the requirements of 28 U.S.C. § 2244(b).  *Id*.  If the petitioner does not satisfy this "gatekeeping" requirement, and does not obtain permission to file the petition, "the District Court was without jurisdiction to entertain it."  *Burton*, 549 U.S. at 153; *see also Cooper v. Calderon*, 274 F.3d 1270, 1274–75 (9th Cir. 2001) (per curiam) (Filing a motion in the court of appeals and obtaining permission to file a second habeas petition is a jurisdictional requirement). Here there is nothing showing Petitioner has sought or obtained such permission.

The phrase "second or successive" is a term of art derived from the "abuse-of-the-writ" doctrine developed prior to enactment of the current language set forth in 28 U.S.C. § 2244. *Hill v. State of Alaska*, 297 F.3d 895, 897–898 (9th Cir.2002). The Petitioner in *Hill* had filed a habeas petition attacking his conviction and sentence. In *Hill,* the Court observed a second

REPORT AND RECOMMENDATION - 3

habeas petition is not automatically barred as second or successive. Rather a Court should consider whether the prisoner had an opportunity to raise his or her claims in the first petition.

In the present case, the Court dismissed Petitioner's first habeas petition with prejudice, triggering the provisions of 28 U.S.C. § 2244(b) for a subsequently filed petition. The grounds for relief raised in the present habeas petition are based upon legal theories that existed at the time of Petitioner's conviction. In fact, if appears that the current habeas petition relies upon laws, statutes or constitutional provisions that existed before Petitioner was convicted. Petitioner was therefore either fully aware of these claims before filing the first habeas petition, or at a minimum should have been aware of these claims. Because Petitioner could have raised the present grounds for relief in the first habeas petition the Court recommends the present habeas petition be referred to the Ninth Circuit for consideration as an application for leave to file a second or successive petition for writ of habeas corpus. *See* Ninth Circuit Rule 22-3(a) ("An applicant seeking authorization to file a second or successive 28 U.S.C. § 2254 petition . . . in the district court must file an application in the court of appeals demonstrating entitlement to such leave under section[ ] 2254.").

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **December 27, 2021.** The Clerk should note the matter for **December 31, 2021**, as ready for the District Judge's consideration. Objections shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 13th day of December, 2021.

REPORT AND RECOMMENDATION - 4

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5